DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **GLENFORD RAGGUETTE** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **PREMIER WINES AND SPIRITS, LTD.** | : | NO. 2006 - 0173 |

MEMORANDUM OPINION

**Savage, J.**                                                                                                        **June 7, 2011**

Fifty-nine days after summary judgment was entered against him, the plaintiff, Glenford Ragguette, filed a motion seeking an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5). His motion was denied. Because we did not issue a written explanation of the reasoning, the Third Circuit Court of Appeals has remanded the action with instructions "to analyze whether the neglect at issue in this case was excusable under the *Pioneer* standard." *Ragguette v. Premier Wines and Spirits*, *Ltd.* No. 10-2449, 2011 WL 1478909, at *2 (3d Cir. Apr. 19, 2011).

In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court articulated the analysis to be performed in determining whether neglect is excusable in the bankruptcy rules context. The Third Circuit has applied that standard for purposes of a Rule 4(a)(5) motion. *In re Diet Drugs Prods Liab. Litig.*, 401 F. 3d 143, 153-54 (3d Cir. 2005). The *Pioneer* test is an equitable one. It assesses four factors: (1) the excuse for the delay; (2) the length of the delay and its impact on the judicial proceeding; (3) whether the movant acted in good faith; and (4) the danger of prejudice to the non-moving party. *Pioneer*, 507 U.S. at 395.

At the outset, we make clear that we examine the circumstances as they existed on March 2, 2010, when the plaintiff filed his Rule 4(a)(5) motion. Any delay after that time cannot be attributed to him. On the contrary, it was the result of the judicial proceedings.

Ragguette offers his attorney's mistake in following-up instructions to her staff to file a notice of appeal as the excuse for missing the filing deadline. The defendant contends Ragguette never intended to take an appeal, but that his attorney decided to file one as a retaliatory response to the defendant's moving for costs and attorney's fees after the thirty-day appeal period had expired.

In his original motion, Ragguette had not articulated in any detail the reason he had not filed a timely notice of appeal. He cited his attorney's busy schedule as the reason why she had not completed the steps necessary to perfect the appeal. At the recent hearing on remand, his counsel represented that she had made a mistake when she failed to complete an additional step in the computer process in her office. As a result, her staff never received the instructions to perfect an appeal. She supported her representation with a screen shot of the computer message. Now, it is clear that it was Ragguette's attorney's negligence rather than her workload that caused the error.

Although the timing of the Rule 4 motion is consistent with the defendant's suspicion, there is no evidence to confirm it. Thus, we conclude that the failure to file a notice of appeal was caused by Ragguette's attorney's inadvertence.

The delay, measured at the time Ragguette filed his motion, was twenty-nine days, but within the time for filing the Rule 4 motion. His attorney stated that only when she was preparing for the hearing on the motion for attorney's fees did she realize that the appeal had not been taken. She then sought advice on how to remediate her failure. There is no

indication that she purposefully waited until the penultimate day to file the motion. Under the circumstances, the delay was not inordinate. Nor was it in bad faith. The defendant argues that it will be prejudiced by the passage of time because witnesses have become unavailable and memories are fading. It also complains about the significant costs it has expended since the entry of judgment in its favor and will incur in the future. The first concern regarding the witnesses is not compelling. Ragguette seeks leave to appeal. No witnesses are necessary on appeal. The record is closed. In the event Ragguette's appeal is denied, there will be no need for witnesses. On the other hand, if he prevails, witnesses will be necessary at a trial. The defendant would face either situation had Ragguette filed a timely appeal. Nor is there evidence that defendant has incurred any significant costs since the entry of judgment, or that it will incur significant future costs connected to this motion. Again, at this point, any delay beyond the twenty-nine days was not Ragguette's fault. Moreover, there is no demonstration of actual harm to the defendant as a result of the late filing.

After weighing the *Pioneer* factors, we conclude that they favor Ragguette. Accordingly, we find the neglect was excusable and shall grant the motion for an extension of time to file an appeal.